**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL ALBEY CASTRO POSLIGUA,<br><br>Petitioner,<br><br>v.<br><br>MRS. S. THOMPSON,<br><br>Respondent. | Civil Action No. 23-22337 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on the habeas petition filed by Petitioner Manuel Albey Castro Posligua pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 8), to which Petitioner did not respond. For the following reasons, the petition is denied without prejudice.

I. **BACKGROUND**

Petitioner is a convicted prisoner currently serving a 120-month prison term arising out of his guilty plea to a drug trafficking conspiracy charge. (ECF No. 8 at 1.) In his habeas petition, Petitioner contends that he is being denied the ability to earn or apply First Step Act credits towards his early release based solely on an immigration detainer. (ECF No. 1 at 10-11.) Petitioner therefore seeks an order directing the BOP to apply FSA credits to his sentence.

Documents supplied by the Government show that while Petitioner was determined to be eligible for First Step Act credits despite his immigration detainer, (*see* ECF No. 8-1 at 1-13), he

was issued an expedited order of removal on September 6, 2023. (*Id.* at 15.) Based upon this removal order, which Petitioner does not appear to have challenged through appropriate administrative means, the BOP has determined that it cannot apply any credits under the Act to Petitioner's sentence as he is now subject to a final order of removal. (*Id.* at 18.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. DISCUSSION

In his current petition, Petitioner contends that he is being unlawfully denied the benefit of credits towards his sentence under the First Step Act. While the First Step Act provides inmates who engage in recidivism reduction training an opportunity to obtain credits to apply towards their early release, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d(4)(E)(i). The statute thus bars any inmate who is subject to a final order of removal from receiving FSA credits or applying them to his sentence if they had already been earned. *See, e.g., Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23-91, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023).

Although Petitioner argues in his habeas petition that he is be denied credits based solely on an immigration detainer, he is clearly mistaken. In fact, Petitioner was ordered removed by

way of an expedited order of removal entered on September 6, 2023. (ECF No. 8-1 at 15.) As Petitioner has failed to present any evidence that his expedited order of removal is not final, it fully appears that Petitioner is subject to a final order of removal, and is therefore ineligible to earn or apply First Step Act credits by the Act's own explicit terms. The failure of the BOP to award or apply credits towards Petitioner's sentence is therefore not a valid basis for habeas relief, and Petitioner's habeas petition is therefore denied.

## IV.  CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

3